UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUANE EDWARD GRAY,<br><br>Defendant. | NO. 2:17-CR-0229-TOR-18<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence. ECF No. 1168. The Government has submitted its opposition. ECF No. 1172. The Court has reviewed the record and files herein, the completed briefing and is fully informed.

**BACKGROUND**

On January 18, 2019, Duane Edward Gray appeared before the Court and entered a plea of guilty to Count 44 of the Superseding Indictment filed on April 18, 2018, charging him with Possession with the Intent to Distribute 5 Grams or

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841. ECF Nos. 754, 755. On May 21, 2019, this Court sentenced Defendant to, inter alia, a 48-month term of imprisonment, followed by a 5-year term of supervised release. ECF No. 926. Defendant was remanded to the custody of the U.S. Marshal for service of his sentence. *Id*.

On April 21, 2020, Defendant made a request to the warden of FDC SeaTac for compassionate release. The request was denied. ECF Nos. 1168-3, 1168-4. The Government concedes Defendant has exhausted his administrative remedies. ECF No. 1172 at 7.

On August 31, 2020, Defendant filed the instant motion seeking compassionate release. ECF No. 1168. Defendant is now 64 years old and seeks a sentence reduction to time served or alternatively, converting a portion of his supervision to home detention. *Id*. at 14. He explains that he has numerous health conditions including obesity, diabetes (both Type 1 and Type 2), and coronary artery disease, which place him at an increased risk of severe illness or death from COVID-19. *Id*. at 3. He explains that FDC SeaTac has active COVID-19 cases and he is in harm's way. *Id*. Defendant has a projected release date of September 17, 2021, *id*. at 4, and may be eligible for home confinement in December 2020, ECF No. 1172 at 16.

//

# DISCUSSION

## A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The

Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10

years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.  Because Defendant's motion does not qualify under the first three categories, it will be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

### B. Exhaustion or Lapse of 30 days

The Warden of FDC SeaTac denied Defendant's compassionate release request by May 5, 2020.  ECF Nos. 1168-31, 1168-4.  The Government concedes Defendant has exhausted his administrative remedies.  ECF No. 1172 at 7.  Accordingly, the Court finds Defendant has exhausted his administrative remedies and timely filed this motion.

### C. Extraordinary and Compelling Reasons

Defendant contends that his medical condition presents an extraordinary and compelling reason to justify a reduction in sentence.  Defendant, age 64, argues that his health conditions place him at an increased risk of severe illness or death.

One of Defendant's reasons for requesting release is that he is obese and according to the CDC obesity increases the risk for severe illness from COVID-19.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

The most recent medical record of Defendant's weight is from December of 2019 when he was counseled regarding his diet and exercise. No other records show that his obesity presents an ongoing problem. The medical records also document that his diabetes and coronary artery disease are regularly monitored, treated and are stable. Defendant's medical records do not show a debilitating condition, but rather show that Defendant's conditions are being adequately treated.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Fears of infection do not warrant immediate release. In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

D. **Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.

At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing. Once again, the Court has fully considered these factors in light of the developments since sentencing. Of particular note is that the criminal conduct here was not a one time event, but was a long standing conspiracy distributing methamphetamine from September 2016 to

December 2017.  Defendant was admittedly a methamphetamine addict and distributor.  Significantly, while Defendant was on pretrial release he was arrested again for possession of methamphetamine and two counts of introduction of contraband into a correctional facility.  ECF No. 508.  On May 21, 2018, his release conditions were revoked and he was incarcerated pending trial.  ECF No. 505.

The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  The sentence imposed remains sufficient but not greater than necessary to comply and fulfill the purposes of sentencing.

E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that he poses no danger to the community.  ECF No. 1173 at 5.  While Defendant's underlying crime is not categorized as a violent crime, it is a serious drug trafficking offense that carries with it a rebuttable presumption of detention and demonstrates the risk he presents to the safety of the community.  Moreover, Defendants addiction has not been treated, he has not completed any drug treatment or rehabilitation.  The Court finds Defendant

continues to pose a risk to the community significantly because he has not received or completed treatment.

## CONCLUSION

Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because "extraordinary and compelling" reasons do not warrant such a reduction. Moreover, consultation of the sentencing factors set forth in 18 U.S.C. § 3553 do not favor a sentencing reduction in this case, including the risk of danger Defendant presents to the community.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Reduce Sentence, ECF No. 1168, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** September 24, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8